UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE FOLLOWING EMAIL ADDRESSES THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC: phoenixcliche@gmail.com and travismccutcheon393@gmail.com | No. 2:23-mj-29-KFW<br><br>**FILED UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, David C. Fife, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant for information associated with certain accounts that is stored at premises controlled by Google LLC, an email provider headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Google LLC to disclose to the government copies of the information (including the content of communications) further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

2. I am a Special Agent (SA) with Homeland Security Investigations (HSI) and have been since August 2009. I am currently assigned to HSI's Portland, Maine

office. I have participated in numerous criminal investigations, to include matters involving the sexual exploitation of children. In my career I have utilized various investigative tools and techniques to include the use of search warrants.

3. This affidavit is based on information learned in the course of my investigation, as well as information communicated to me by other law enforcement agents in the course of my investigation. This affidavit contains only the facts necessary for an assessment of probable cause for the requested warrant.

4. Based on my training and experience and the facts as set forth in this affidavit, I submit that probable cause exists to believe that violations of 2252A(a)(1) (transportation of child pornography), 2252A(a)(2)(A) (receipt of child pornography), and 2252A(a)(5)(B) (possession of child pornography) have been committed by the user of the e-mail account phoenixcliche@gmail.com and travismccutcheon393@gmail.com. I further submit that there is probable cause to search the information described in Attachment A for evidence of these crimes, further described in Attachment B.

## JURISDICTION

5. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), & (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

**Receipt of initial Cybertip information and Maine State Police investigation**

6. On about December 19, 2022, the Maine State Police Computer Crimes Unit (CCU) received a CyberTip from the National Center for Missing and Exploited Children (NCMEC) that had been filed by Google, Inc., in accordance with 18 USC

2258A.[1] On the same date, a CCU officer reviewed the file and found it to contain two video files depicting child sexual exploitation material (CSEM), accompanied by CyberTip report #139505948.

7.   I have reviewed the report #139505948, which relayed information pertaining to two Gmail accounts identified by Google as being directly associated with a Google Drive storage account[2] where the aforementioned video files were discovered. According to the report, on about November 25, 2022, at approximately 9:51 AM UTC, Google became aware of the presence of two CESM video files, titled "boy_orgasm.mov" and "!!XXX PED 12yo & 13yo ESP-Boys suck and fuck (video-converter.com).mov" stored within the Google Drive infrastructure. As reported by Google, the corollary subscriber information with this Google Drive account was as follows:

> **Name**: Travis McCutcheon
> **Mobile Phone**: +12072165730 (Verified 03-30-2022 11:08:33 UTC)
> **Mobile Phone**: +12074154384 (Verified 09-08-2022 18:57:09 UTC)

---

[1] NCMEC is a nonprofit organization that provides services to families and professionals that relate to the abduction and sexual exploitation of children. NCMEC also operates the CyberTip Line and the Child Victim Identification Programs to assist law enforcement officers and others in identifying and rescuing victims of child exploitation and child pornography. As part of the NCMEC directives, the NCMEC works with electronic service providers (ESP) such as Google to reduce the dissemination of child pornography images and or videos on the internet. When an ESP becomes aware of suspected child pornography images and/or videos, the ESP representative may view the images and/or videos in question to determine if the images and/or videos is child pornography and thus a violation of the ESP use agreement with the user(s). If the image and or video is deemed by the ESP representative to be child pornography, the ESP will file an electronic report with the NCMEC. The reporting ESP will provide in the NCMEC report samples of the child pornography images and/or videos, IP addresses captured at the date and time of the child pornography file being uploaded by the user, and any registration information (if available). NCMEC will then research more publicly available information based on the information provided to them by the ESP to determine, if possible, the identification and or geographic location of the user uploading the child pornography images and or videos in order to forward the report to the appropriate jurisdiction. NCMEC will then forward their report to the Regional Internet Crimes Against Children (ICAC) commander for further investigation. The Maine Computer Crimes Unit is the regional ICAC for Maine.
[2] Google Drive is a file storage and synchronization service that allows a user to store files in the cloud, synchronize files across devices, and share files. According to Google's website, every Google account that is opened/created by a user includes by default 15GB of cloud storage that is shared across Google Drive, Gmail, and Google Photos.

**Date of Birth**: 01-XX-1970
**Email Address**: phoenixcliche@gmail.com (Verified)
**Email Address**: travismccutcheon393@gmail.com

8. The CyberTip additionally included dozens of IP access logs, indicating the IP addresses that accessed the Google Drive along with the corresponding dates and times. The dates provided ranged from March 2, 2022, to November 25, 2022. The vast majority of the IP addresses were assigned to Spectrum/Charter Communications, a provider of residential internet service, and geolocated to the metropolitan area of Portland, Maine (as reported by Google). A handful of additional IP address logins appeared from addresses assigned to T-Mobile, and likely indicated logins from a cellular device.

9. On December 19, 2022, the Maine Attorney General's Office submitted a subpoena to Spectrum/Charter Communications for one of the listed IP addresses, 2603:7081:a00:8b87:ae57:b181:a6b0:820e, which had been used to access the account at various times on November 22 and November 23, 2022. Several days later, Spectrum/Charter responded that the subscriber for this address at the listed date and time was a "T McCutcheon," with a specified physical service address in Portland, Maine. The subpoena response also showed that this Spectrum account was associated with the email address phoenixcliche@gmail.com.

10. Because the summons submitted by CCU on December 19, 2022, did not request information about the final login date and time provided by Google before its detection of the two CSEM files on Google Drive (November 25, 2022), on February 3, 2023, I submitted a Homeland Security summons to Spectrum/Charter Communications for the last login IP of 2603:7081:a00:8b87:659f:f46b:bf98:b69b, which occurred on November 24, 2022, at 7:16 PM EST. On February 09, 2023, I

4

received a response from Spectrum/Charter, which reflected that the IP was still assigned to the same subscriber at the same specified address in Portland on November 25, 2022.

11.     CCU additionally conducted checks in commercial/public databases, which confirmed that a Travis McCutcheon, with a date of birth in January of 1970, resided at the specified address in Portland, Maine. McCutcheon resides at the residence with his father.

12.     On February 6, 2023, I reviewed the two videos provided by Google in the CyberTip, and I describe them as follows:

a.) **!!XXX PED 12yo & 13yo ESP-Boys suck and fuck (video-converter.com).mov**

This video is approximately 3:21 minutes long and depicts two boys that appear to be between the ages of 9 and 13 performing oral sex on each other. Both boys are fully naked through the entirety of the video. A still image from this video is marked as Exhibit 1 and submitted to this Court under seal.

b.) **boy_orgasm.mov**

This video is approximately 1:59 minutes long and depicts a fully nude boy reclined on a bed, masturbating. At one point during the video, the camera angle changes and the boy's face can be seen; the boy appears to be between the ages of 12 and 15 years old. At the end of the video, the boy ejaculates. A still image from this video is marked as Exhibit 2 and submitted to this Court under seal.

**Warrant at 58 Winding Way, Portland Executed on February 2, 2023**

13. On January 30, 2023, based upon the information relayed by Google and subsequent investigation by the CCU, Detective Frank Stepnick with the CCU obtained a state search warrant for Travis McCutcheon's residence in Portland, Maine. I participated in the warrant execution, which occurred on February 2, 2023, at approximately 7 AM.

14. Upon execution of the warrant, agents and officers encountered Travis McCutcheon (hereinafter "McCutcheon") and his father inside the residence. McCutcheon was preparing to go to work but spoke with me and Detective Stepnick about the nature of the warrant and was presented with a copy. McCutcheon stated that he had received an email from Google in approximately November or December 2022, which he claimed had informed him that his phoenixcliche@gmail.com account had been "hacked" or otherwise compromised. McCutcheon stated that because of this, he deleted the account as he feared it may be used to further compromise his identity.[3] During the conversation, McCutcheon did unequivocally acknowledge that the phoenixcliche@gmail.com email account was his and that he had used it regularly prior to deleting it after this incident. When presented with a still image from one of the videos, McCutcheon denied having ever seen the video, and denied that he had accessed or searched for it or any other CSEM. When asked, McCutcheon further denied that he ever looked at any pornography whatsoever, adult or child.

---

[3] Based upon my training and experience, it is likely that McCutcheon was referring to an email sent by Google upon its detection of the aforementioned CSEM video files on the Google Drive infrastructure affiliated with his account. Google had likely notified McCutcheon that this content was illegal and violated its terms of service. It is unlikely that Google would send a user an email stating that their account had been hacked; it would simply freeze the account if repeated suspicious and/or unsuccessful logins were attempted.

15. Following the brief interview, McCutcheon departed for work. Several electronic devices that McCutcheon stated were his were seized by the CCU for forensic examination.

## BACKGROUND CONCERNING EMAIL

16. In my training and experience, I have learned that Google provides a variety of on-line services, including electronic mail ("email") access, to the public. Google allows subscribers to obtain email accounts at the domain name gmail.com, like the email accounts listed in Attachment A. Subscribers obtain an account by registering with Google. During the registration process, Google asks subscribers to provide basic personal information. Therefore, the computers of Google are likely to contain stored electronic communications (including retrieved and unretrieved email for Google subscribers) and information concerning subscribers and their use of Google services, such as account access information, email transaction information, and account application information. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

17. In my training and experience, email providers generally ask their subscribers to provide certain personal identifying information when registering for an email account. Such information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative email addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the

7

account's user or users. Based on my training and my experience, I know that, even if subscribers insert false information to conceal their identity, this information often provides clues to their identity, location, or illicit activities.

18.     In my training and experience, email providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (*i.e.*, session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via the provider's website), and other log files that reflect usage of the account. In addition, email providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account. Because every device that connects to the Internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the email account.

19.     In my training and experience, in some cases, email account users will communicate directly with an email service provider about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users. Email providers typically retain records about such communications, including records of contacts between the user and the provider's support services, as well as records of any actions taken by the provider or user as a result of the communications. In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users.

20. As explained herein, information stored in connection with an email account may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored in connection with an email account can indicate who has used or controlled the account. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, email communications, contacts lists, and images sent (and the data associated with the foregoing, such as date and time) may indicate who used or controlled the account at a relevant time. Further, information maintained by the email provider can show how and when the account was accessed or used. For example, as described below, email providers typically log the Internet Protocol (IP) addresses from which users access the email account, along with the time and date of that access. By determining the physical location associated with the logged IP addresses, investigators can understand the chronological and geographic context of the email account access and use relating to the crime under investigation. This geographic and timeline information may tend to either inculpate or exculpate the account owner. Additionally, information stored at the user's account may further indicate the geographic location of the account user at a particular time (*e.g.*, location information integrated into an image or video sent via email). Lastly, stored electronic data may provide relevant insight into the email account owner's state of mind as it relates to the offense under investigation. For example, information in the email account may indicate the owner's motive and intent to commit a crime (*e.g.*, communications relating to the

crime), or consciousness of guilt (*e.g.*, deleting communications in an effort to conceal them from law enforcement).

## CONCLUSION

21. Based on the forgoing, I request that the Court issue the proposed search warrant.

22. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of these warrant. The government will execute this warrant by serving the warrant on Google. Because the warrant will be served on Google, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

Dated at Portland, Maine this 15th day of February, 2023.

David C. Fife, Special Agent
Homeland Security Investigations

Sworn to telephonically and signed
electronically in accordance with the
requirements of Rule 4.1 of the Federal Rules
of Criminal Procedures

Date: Feb 15 2023

City and state: Portland, Maine

Judge's signature

Karen Frink Wolf, U.S. Magistrate Judge
Printed name and title

10